Mark W. COPESTAKES, Appellant

v.

Donna L. REICHARD–COPESTAKES, Appellee.

Superior Court of Pennsylvania.

Submitted April 2, 2007.

Filed June 1, 2007.

 

Mark W. Copestakes, appellant, Pro Se.

Daniel F. Monahan, Exton, for appellee.

BEFORE: STEVENS, MUSMANNO and KELLY, JJ.

OPINION BY KELLY, J.:

¶ 1 Appellant, Mark W. Copestakes, appeals *pro se* from an order entered in the Chester County Court of Common Pleas sustaining, with prejudice, the preliminary objections of Appellee, Donna L. Reichard–Copestakes, to the court's subject matter jurisdiction. The questions in this matter are: (1) whether the civil division of a court of common pleas has jurisdiction over a complaint involving the distribution of a decedent's estate property when a petition has not been filed in the orphans' division; and (2) whether an order dismissing the civil complaint with prejudice sub-jects the orphans' court petition to a potential defense of collateral estoppel. We affirm.

■ ¶ 2 Appellant filed a civil complaint against Appellee, his step-mother, alleging that he is entitled to property from his deceased father's estate.[1] Appellee filed preliminary objections, asserting that the Chester County Court of Common Pleas lacked subject matter jurisdiction because the complaint falls under the jurisdiction of the Orphans' Court. The trial court granted Appellee's preliminary objections, finding that Appellant's claim must be filed in the Orphans' Court. This appeal followed.[2]

■ ¶ 3 The issue on appeal relates to the trial court's subject matter jurisdiction. "As this question is purely one of law, our standard of review is *de novo*, and our scope of review is plenary." *Commonwealth v. Bethea*, 574 Pa. 100, 828 A.2d 1066, 1071 (2003), *cert. denied*, 540 U.S. 1118, 124 S.Ct. 1065, 157 L.Ed.2d 911 (2004).

■ ¶ 4 Appellant argues that because his "father had no Will or recorded estate he could not properly file in the Orphans Court." (Appellant's Brief at 7). Appellant contends that "[s]ome case law indicates" that he may establish a claim in the Court of Common Pleas because he does not have enough information to file in the Orphans' Court. (*Id.*). He asserts that he must acquire this information through limited discovery in the Court of Common

---

1. Appellant has been incarcerated at all relevant times.

2. On November 1, 2006, the trial court ordered Appellant to file a Concise Statement of Matters Complained of on Appeal within fourteen days pursuant to Pa.R.A.P. 1925(b). The trial court docket indicates filing of his 1925(b) statement on November 16, 2006. The docket, however, notes proof of service of the 1925(b) statement on the trial court and

Appellee on November 9, 2006, which date Appellant asserts he mailed the statement. "Pursuant to the 'prisoner mailbox rule,' a document is deemed filed when placed in the hands of prison authorities for mailing." *Commonwealth v. Wilson*, 911 A.2d 942, 944 (Pa.Super.2006). Thus, we find that Appellant filed his statement on or before November 9th, and avoided waiver of his claims on appeal. *See id.*

Pleas. He concludes that once a claim has been established *via* discovery through the Court of Common Pleas, "enforcement of said claim would properly take place in the Orphans Court." (*Id.*). We disagree.

¶ 5 The Orphans' Court division of the Court of Common Pleas has mandatory jurisdiction to determine the "administration and distribution of the real and personal property of decedents' estates and the control of the decedent's burial." 20 Pa.C.S.A. § 711(1). Further, the Orphans' Court has mandatory jurisdiction to determine the title to personal property in the possession of the personal representative or registered in the name of the decedent or his nominee. 20 Pa.C.S.A. § 711(17). Instantly, since Appellant's complaint requests the identification, administration, and distribution of his deceased father's property, the trial court properly found that resolution of this claim belongs in the Orphans' Court.

■ ¶ 6 We are also not convinced by Appellant's discovery claims. Appellant has not specified what information prevents him from filing a claim in the Orphans' Court. Under Pa.O.C.R. 3.4(c), he may file a petition in the Orphans' Court and note his inability to provide documentary proof. *See* Pa.O.C.R. 3.4(c) ("If the petitioner is unable to attach any necessary exhibit, consent or approval, he shall so state in his petition, together with the reason for his inability."). Once a petition has been filed, discovery is available in the Orphans' Court. *See In re Thompson's Estate*, 416 Pa. 249, 206 A.2d 21, 28 (1965) ("Orphans' Court has the power to enforce discovery sought in an appropriate matter."). "While 'fishing expeditions' are not to be countenanced under the guise of discovery, requests for discovery must be considered with liberality as the rule rather than the exception" in Orphans' Court. *Id.*

¶ 7 Finally, Appellant asserts that dismissal of his civil complaint with prejudice subjects his claim to the future defense of collateral estoppel in the Orphans' Court. We disagree.

■ ¶ 8 A party is foreclosed by collateral estoppel from relitigating an issue of law only if, *inter alia*, "there was a final judgment on the merits." *Folino v. Young*, 523 Pa. 532, 568 A.2d 171 (1990). Here, the trial court solely determined that it lacked subject matter jurisdiction to decide the case and did not reach a judgment on the merits. As the trial court correctly concluded, Appellant is not collaterally estopped from petitioning to the Orphans' Court. Appellant's claim was dismissed with prejudice to the Civil Division of the Court of Common Pleas and thus does not affect a future claim in the Orphans' Division. *See id.*

¶ 9 Order affirmed.