J. S06035/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LESTER LEE TUCKER, | : | |
| | : | |
| Appellant | : | No. 1046 EDA 2014 |

Appeal from the Order March 6, 2014
In the Court of Common Pleas of Monroe County
Criminal Division No(s).: CP-45-CR-0000876-2012

BEFORE: BENDER, P.J.E., LAZARUS, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:            **FILED FEBRUARY 10, 2015**

Appellant, Lester Lee Tucker, appeals from the order entered in the Court of Common Pleas of Monroe County denying his request for sentencing credit.[1] Appellant presently claims the trial court erred in denying credit for time he spent in pre-sentence custody in the above-captioned matter while also serving a sentence on federal charges. For the reasons that follow, we conclude Appellant's request for relief must be considered under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Therefore, we

---

[*] Former Justice specially assigned to the Superior Court.

[1] We have amended the caption to reflect that Appellant took this appeal from the trial court's March 6, 2014 order denying sentencing credit.

vacate the trial court's March 6, 2014 order and remand for proceedings consistent with this memorandum.

The procedural history relevant to this appeal is as follows. In August of 2010, Appellant was charged with federal drug offenses, but was released on his own recognizance. While those charges were pending, Appellant was involved in a motor vehicle accident on March 20, 2012, which resulted in the death of the operator of another vehicle. That same day, Pennsylvania State Police troopers arrested and charged him with, *inter alia*, homicide by vehicle and driving under the influence of alcohol ("Pennsylvania charges"). Appellant did not post bail on the Pennsylvania charges. The following day, March 21, 2012, federal authorities issued a detainer against him for the federal charges.

On July 12, 2012, Appellant pleaded guilty to the federal charges. On January 16, 2013, the United States District Court for the Middle District of Pennsylvania sentenced him to fifteen months' imprisonment and three years' supervised release ("federal sentence"). There is no indication that Appellant was transferred to federal custody.

Meanwhile, Appellant retained different counsel ("plea counsel") for the Pennsylvania charges. On February 22, 2013, Appellant entered an open guilty plea to charges of involuntary manslaughter and driving under

the influence.[2]  On May 7, 2013, the trial court imposed an aggregate sentence of thirty-three to sixty-six months' imprisonment, with credit for 302 days.[3]

Appellant, on May 20, 2013, filed a post-sentence motion seeking modification of his sentence.[4]  The trial court, on June 6, 2013, resentenced him to an aggregate thirty to sixty months' imprisonment ("Pennsylvania sentence").  The court did not state whether the Pennsylvania sentence was concurrent or consecutive to the federal sentence. Appellant did not take a direct appeal.

The trial court received Appellant's *pro se* motion seeking additional credit on his Pennsylvania sentence on January 22, 2014—more than seven months after resentencing.  The trial court concluded plea counsel remained counsel of record and forwarded the motion to plea counsel.  Order, 1/28/14 (citing Pa.R.Crim.P. 576(A)(4)).  Plea counsel filed a counseled motion for

---

[2] 18 Pa.C.S. § 2504; 75 Pa.C.S. § 3802(c).

[3] The 302 days credit, when calculated from Appellant's arrest date of March 20, 2012, would account for the time Appellant was in custody until January 16, 2013, the date of the federal sentence.

[4] Appellant's May 20, 2013 post-sentence motions were technically untimely. **See Commonwealth v. Green**, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*) (holding the ten-day period for filing post-sentence motion in Pa.R.Crim.P. 720(A)(1) refers to date sentence was pronounced and not date sentence was entered on docket).  However, the trial court's modified sentence of June 6, 2012, was entered within thirty days of its initial sentence.  **See** 42 Pa.C.S. § 5505.  This anomaly in the record does not affect our disposition.

time credit on February 19, 2014, asserting Appellant remained in Pennsylvania's custody since his March 20, 2012 arrest and did not serve any part of his federal sentence under federal supervision. Appellant's Mot. for Time Credit, 2/19/14, at ¶ 10. He claimed he was entitled to an additional 111 days credit on the Pennsylvania sentence from January 16, 2013, to May 7, 2013—that is, from the date the federal sentence was imposed to the original sentencing date on the Pennsylvania charges.[5] *Id.*

The court, on March 6, 2014, entered the instant order denying Appellant's counseled motion,[6] but amending its sentence to state it was consecutive to the federal sentence. Fifteen days later, on March 31, 2014, plea counsel petitioned the court to withdraw from representation, averring Appellant continued to file *pro se* post-sentence motions for which plea counsel had not been retained.

---

[5] Plea counsel also suggested he did not argue the question of credit at the time of sentencing because documentation regarding the federal sentence was not available. Appellant's Mot. for Time Credit at ¶ 9.

[6] The trial court attached to its order a letter sent to it from Rebecca Harmar, a probation officer, "in response to [Appellant's motion for credit]." Letter from Rebecca Harmar, 2/24/14. Ms. Harmar averred that the Monroe County Probation Department did not concur with Appellant's request for credit. *Id.* She suggested that the court amend its sentencing order and recommended that the Pennsylvania sentence be ordered to run consecutively to the federal sentence because "the two cases [were] wholly unrelated and occurred nearly two years apart from one another." *Id.* Neither the letter nor the record indicate that the letter was distributed to the parties before the court ruled on Appellant's motion.

On April 2, 2014, Appellant filed a timely *pro se* notice of appeal from the March 6, 2014 order. On April 15, 2014, the trial court issued an order requiring the filing of a Pa.R.A.P. 1925(b) statement. On April 28, 2014, the court granted plea counsel's motion to withdraw. The following day, April 29th, Appellant's *pro se* Rule 1925(b) statement was stamped for first class postage to the court. **See Copestakes v. Reichard-Copestakes**, 925 A.2d 874, 875 n.2 (Pa. Super. 2007) (discussing prisoner mailbox rule). Appellant subsequently obtained new appellate counsel through the Office of the Public Defender. This appeal followed.

Appellant, in the counseled brief submitted in this appeal, presents the following question for review: "Whether [he] should be given time credit against his state sentence for the time he spent serving his federal sentence when he had [a]lways remained housed in a state correctional facility?" Appellant's Brief at 4. Before considering this issue, however, we must consider the procedures under which the trial court considered Appellant's *pro se* motion filed more than seven months after resentencing.

It is well settled that

> the PCRA provides the sole means for obtaining collateral review, and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition. . . . **Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa. Super. 2004) (holding collateral challenge to legality of sentence for failure to credit for time served must be brought under the PCRA); **Commonwealth v. Guthrie**, 749 A.2d 502, 503 (Pa. Super. 2000) (holding motion to correct illegal sentence would be treated as PCRA petition

where the appellant did not file timely post-sentence motions or a direct appeal).

***Commonwealth v. Fowler***, 930 A.2d 586, 591 (Pa. Super. 2007) (some citations and punctuation omitted).

Instantly, the underlying judgment of sentence became final on July 8, 2013, when Appellant did not take a direct appeal from the June 6th resentencing order.[7]  ***See*** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Accordingly, Appellant's *pro se* motion seeking credit, filed January 21, 2014, should have been regarded as a *pro se* PCRA petition.  ***See Fowler***, 930 A.2d at 591, 597.  Moreover, because Appellant filed his *pro se* motion within one year of his conviction becoming final, it was timely under PCRA. ***See*** 42 Pa.C.S. § 9545(b)(1), (3).

Because Appellant's *pro se* motion constituted a PCRA petition, the procedures for post-conviction collateral proceedings in Chapter 9 of the Pennsylvania Rules of Criminal Procedure applied, including the right to counsel.  ***See*** Pa.R.Crim.P. 904.

> While the right to legal representation in the PCRA context is not constitutionally derived, the importance of that right cannot be diminished merely due to its rule-based derivation.  In the post-conviction setting, the defendant normally is seeking redress for trial counsel's errors and omissions.  Given the current time constraints of 42 Pa.C.S. § 9545, a defendant's first PCRA petition, where the rule-based right to counsel unconditionally attaches,

---

[7] Because the thirtieth day following resentencing fell on Saturday, the deadline for filing a timely direct appeal was the following Monday, *i.e.*, July 8, 2013.  ***See*** 1 Pa.C.S. § 1908.

> may well be the defendant's sole opportunity to seek redress for such errors and omissions. Without the input of an attorney, important rights and defenses may be forever lost.

*Commonwealth v. Robinson*, 970 A.2d 455, 458-59 (Pa. Super. 2009) (*en banc*).

We conclude the trial court erred by proceeding outside of the framework of the PCRA and forwarding Appellant's *pro se* motion to plea counsel. *See Fowler*, 930 A.2d at 591; *accord Commonwealth v. Wright*, 846 A.2d 730, 733-34 (Pa. Super. 2004) (reiterating trial court should not entertain post-sentence motions when they are clearly untimely and right to file post sentence motions has not been restored *nunc pro tunc*). Although the trial court technically provided counsel, Appellant was entitled to PCRA counsel. *See* Pa.R.Crim.P. 904(C). Moreover, the court did not comply with the procedures for deciding a PCRA petition, *see* Pa.R.Crim.P. 907, but rather treated Appellant's motion as if it were part of the underlying criminal proceeding.

Accordingly, we decline to reach the merits of the present appeal, but vacate the trial court's March 6, 2014 order and remand this matter. The trial court shall regard Appellant's *pro se* motion as a PCRA petition and comply with the procedures set forth in Chapter 9 of the Rules of Criminal Procedure.

Order vacated. Case remanded. Jurisdiction relinquished.

J. S06035/15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2015