J-S18023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BRUCE L. WISHNEFSKY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALBERT J. EVANS | : | No. 2021 MDA 2018 |

Appeal from the Order Entered August 31, 2018
In the Court of Common Pleas of Schuylkill County Civil Division at
No(s):  S-1081-2001

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED: MAY 24, 2019**

Appellant Bruce L. Wishnefsky appeals *pro se* from the order denying his petition to open a 2014 judgment entered in favor of several defendants, including Appellee Albert J. Evans, Esq.[1]  Appellant asserts that the trial court lacked subject matter jurisdiction to grant summary judgment in favor of defendants.  Appellant also asserts that the trial court erred by refusing to order sanctions against Appellee.  We affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Specifically, the defendants involved in this matter were James J. Riley, Andrew H. Koppel, John J. Carroll, Sunny Hayon Brunt, Riley and Fanelli, P.C., and Appellee.  Appellee, who is an attorney, represented all defendants, including himself, in Appellant's prior action discussed below.  **See** Defendants' Mot. for Summ. J., 7/18/14, at 1.

This Court previously summarized the background of this matter as follows:

> [Appellant] is a former paralegal serving 45 to 90 years in prison [for unrelated crimes.][fn1] In 2001, he filed a complaint alleging breach of contract and civil violations of the Racketeering in Corrupt Organizations (RICO) Act, 18 U.S.C. § 1962(c) and (d), against [defendants]. The gravamen of his claims is that he and [defendants] entered into an unethical fee-splitting [arrangement]. . . .
>
>> [fn1] *See Commonwealth v. Wishnefsky*, 750 A.2d 379 (Pa. Super. 1999) (unpublished memorandum) (affirming the judgment of sentence), *appeal denied*, 758 A.2d 1199 (Pa.), *cert. denied sub nom.* *Wishnefsky v. Pennsylvania*, 531 U.S. 949 (2000); *Commonwealth v. Wishnefsky*, 821 A.2d 138 (Pa. Super. 2003) (affirming the denial of post-conviction relief); *Wishnefsky v. Meyers*, No. 4–CIV–03–0417, 2005 WL 1498502 (M.D. Pa. June 22, 2005) (denying *habeas* relief and denying a certificate of appealability), *modified*, 2005 WL 2031182 (M.D. Pa. Aug. 18, 2005).
>
> [Appellant] has litigated at least two other lawsuits rejecting similar claims. In *Wishnefsky v. Riley and Fanelli, P.C.*, 799 A.2d 827 (Pa. Super. 2002), this Court held that public policy precluded enforcement of [Appellant]'s fee-splitting agreement, to the extent it actually existed. In *Wishnefsky v. Carroll*, 44 F. App'x 581 (3d Cir. 2002), the Third Circuit affirmed the dismissal of his civil RICO claim against Carroll and Riley.
>
> [Appellant] filed the instant action in 2001. The pleadings closed in 2002, yet [Appellant] never attempted to take discovery. On April 29, 2014, the trial court denied [Appellant]'s motion for leave to file a seventh amended complaint. The parties filed cross-motions for summary judgment. The trial court denied [Appellant]'s motion on August 8, 2014, and granted [defendants]' motion on October 20, 2014.

*Wishnefsky v. Evans*, 155 MDA 2015, at 1-2 (Pa. Super. filed July 10, 2015) (unpublished mem.).   Appellant timely filed a notice of appeal that was docketed in the trial court on November 17, 2014.

On December 7, 2014, one of the defendants, James J. Riley, Esq. (Attorney Riley), passed away.   A suggestion of death was not filed in this Court, nor was a notice of death filed in the trial court.   **See** Pa.R.A.P. 502; Pa.R.C.P. 2355.   The Schuylkill County Prothonotary transmitted the appeal to this Court on January 22, 2015.

On July 10, 2015, this Court affirmed the October 20, 2014 order granting summary judgment.   **See Wishnefsky**, 155 MDA 2015, at 1.   The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on December 7, 2015.   **See Wishnefsky v. Evans**, 128 A.3d 221 (Pa. 2015).

On June 18, 2018, the trial court docketed Appellant's *pro se* motion for sanctions against Appellee.[2]   Appellant asserted that he first learned of Attorney Riley's death in May 2018.   Appellant argued that Appellee violated

---

[2] We note that the "prisoner mailbox rule" applies in non-criminal actions. **See Copestakes v. Reichard-Copestakes**, 925 A.2d 874, 875 n.2 (Pa. Super. 2007) (noting that "[p]ursuant to the 'prisoner mailbox rule,' a document is deemed filed when placed in the hands of prison authorities for mailing." (citation omitted)); **Thomas v. Elash**, 781 A.2d 170, 176 (Pa. Super. 2001).

Pa.R.C.P. 2355 by failing to file a timely notice of death in the trial court. On July 19, 2018, the trial court entered an order denying Appellant's motion for sanctions. Appellant did not appeal within thirty days, or by August 21, 2018.[3]

On August 22, 2018, the trial court received Appellant's *pro se* petition to open the October 2014 judgment.[4] Appellant asserted that once Attorney Riley passed away, the trial court lost jurisdiction to enter a judgment and all subsequent proceedings were void. Pet. to Open J., 8/22/18, at ¶ 13. On August 23, 2018, defendants filed a motion to strike Appellant's petition to open judgment. The trial court denied Appellant's petition to open on August 31, 2018, and dismissed defendants' petition to strike as moot on September 6, 2018.

On September 28, 2018, the trial court docketed Appellant's timely notice of appeal from the order denying his petition to open. Appellant complied with the court's order to file and serve a Pa.R.A.P. 1925(b) statement and raised the following issues:

> [1.] The trial court erred when it denied the motion for sanctions because it believed that matter was before the appellate court, since the notice of appeal had been filed at the time of [Attorney] Riley's death, when in[ ]fact, in violation of PA.R.A.P. 905(b), the copy of the notice of appeal had not been transmitted to the Superior Court, so that [C]out had no knowledge that this appeal had been taken, and when **Grimm v. Grimm**, 149 A.3d 77, 90

---

[3] The thirtieth day after the entry of the order denying Appellant's motion for sanctions fell on a Saturday. **See** 1 Pa.C.S. § 1908.

[4] Appellant's petition to open the judgment included a certificate of service dated August 20, 2018.

n.17 (Pa. Super. 2017), gives the trial court the authority to issue an appropriate sanction when defendant's counsel fails to file a notice of death promptly after learning of his client's death, in violation of Pa.R.Civ.P. 2355, Note, and when Pa.R.Civ.P. 2351 defines "action" as any civil action or proceeding brought or appealed to a court of record.

[2.] The trial court erred in denying the petition to open judgment even though if [Attorney] Riley's counsel, [Appellee] Evans, had promptly filed the notice of death required by Pa.R.Civ.P. 2355 in the record of this action, surely the trial court would have recognized the significance of this fact and would have, at a minimum, allowed [Appellant], to amend his rule 1925(b) Statement and file an amended statement to note that no personal representative had entered an appearance, so that the trial court could call this to the Superior Court's attention, and comment on what ever it considered the relevance of the fact that no personal representative had entered an appearance, such as vacating the judgment in favor of [Attorney] Riley, [*s*]*ee Cholew[k]a v. Gelso*, 2018 PA Super 216 (Pa. Super. July 27, 2018) (vacating summary judgment in favor of defendant that had been entered after a notice of his death was filed and no personal representative was substituted in his place), and when Pa.R.A.P. 1701(b)(1), allows the trial court to take such action as may be necessary on matters ancillary to the appeal.

Rule 1925(b) Statement, 10/31/18, at 1-2.

The trial court complied with Pa.R.A.P. 1925(a), indicating that

[Appellant] claimed that this court had "lost" subject matter jurisdiction during the prior 2014 proceedings because no party had been substituted for [Attorney] Riley after his death. However, not only had final judgment been entered by this court before [Attorney] Riley's death, but [Appellant] had taken the appeal to Superior Court prior to the death and this court had issued its order of November 19, 2014 directing [Appellant] to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925. Consequently, subject matter jurisdiction had not been "lost" by this court at any relevant time as claimed by [Appellant] in his petition and no basis existed in 2018 to open the judgment on such grounds. The manner by which a party may be substituted in an action after a notice of appeal has been filed is addressed by Pa.R.A.P. 502—rather than Pa.R.C.P. 2355 as argued by [Appellant]. Assuming no substitution had been made

for [Attorney] Riley while the case was pending on appeal, such, nevertheless, would have had no impact upon the jurisdiction exercised by this court when it heard the case or issued the order which was pending on appeal at the time of the death or constitute grounds to impose sanctions upon [Attorney] Riley's counsel for failure to comply with Pa.R.C.P. 2355 while the case had been before this court.

[Appellant] contends that had [Attorney] Riley's counsel complied with Pa.R.C.P. 2355 after the appeal had been filed by [Appellant] in 2014, this court would have allowed [Appellant] to amend his 1925 concise statement of complaints on appeal. However, in his petition to open judgment [Appellant] simply contended that this court did not have subject matter jurisdiction and that complaint was addressed via the order from which he has now appealed. [Appellant] never claimed that this court erred in issuing its order of October 20, 2014 on grounds related to the death of [Attorney] Riley. Moreover, the death had no impact upon the order granting summary judgment as its entry preceded Riley's death.

Trial Ct. Op., 11/2/18, at 2-3 (footnote omitted).

Appellant raises the following questions on appeal:

[1.] When [Attorney] Riley died on December 7, 2014, should counsel for [Appellees] have filed a suggestion of death with the trial court Prothonotary when the Appellant filed his notice of appeal on November 17, 2014, from the October 20, 2014 order granting summary judgment to all [Appellees], and when the Prothonotary did not immediately transmit a copy of the notice of appeal to the Superior Court, but waited until January 22, 2015?

[2.] Whether addressing a notice/suggestion of death is permitted as being ancillary to the appeal?

[3.] Whether the trial court erred when it denied Appellant's motion for sanctions and petition to open judgment because it held the case had been pending on appeal at the time of [A]ttorney Riley's death?

Appellant's Brief at 2-3.

Appellant's issues are closely related, and we address them together.

Appellant notes that there was a delay in the transmission of the notice to this

Court.    From this, Appellant asserts that his underlying action against defendants was still pending in the trial court when Attorney Riley passed away.  *Id.* at 13.  Appellant suggests that

> [t]here is no reason why [the Pennsylvania Rule of Appellate Procedure for filing a suggestion of death] cannot be used in the trial court.  If counsel is aware of his or her client's death and fails to file a timely notice of death, he or she has breached his or her obligation under Rule 2355 and the trial court may impose an appropriate penalty.

*Id.* at 15.  According to Appellant, Appellee's failure to file a notice of death deprived him, the trial court, and this Court of the opportunity to consider the effect of Attorney Riley's death on the October 2014 judgment or the propriety of his appeal.  *Id.* at 14-15.

Initially, we note that that the timeliness of an appeal is a jurisdictional issue that we may address *sua sponte*.  *In re Estate of Karschner*, 919 A.2d 252, 257 n.1 (Pa. Super. 2007) (plurality).  Generally, a notice of appeal must be filed within thirty days after the entry of the order from which an appeal is taken.  Pa.R.A.P. 903(a).  An order that disposes of all claims against all parties is appealable as of right.  Pa.R.A.P. 341(a), (b)(1).

Here, the October 2014 judgment resolved Appellant's underlying action against defendants.  Appellant initially filed a motion for sanctions in June 2018.  When the trial court denied Appellant's motion for sanctions on July 19, 2018, no outstanding claims against any party remained.  Therefore, the July 19, 2018 order was appealable as a final order.  *See* Pa.R.A.P. 341(b)(1).

Appellant did not appeal from the July 19, 2018 order. Instead, he filed a petition to open the October 2014 judgment. The filing of a new petition to open, however, did not operate to extend the time to appeal the order denying his motion for sanctions. *Cf. Simpson v. Allstate Ins. Co.*, 504 A.2d 335, 338 (Pa. Super. 1986). Accordingly, Appellant failed to perfect this Court's jurisdiction to consider the trial court's order denying his motion for sanctions, *see* Pa.R.A.P. 903(a), and we will not address his argument related to the denial of sanctions.

Turning to Appellant's argument regarding a petition to open the October 2014 judgment, we review the denial of a petition to open for an abuse of discretion. *Lened Homes, Inc. v. Dep't of Licenses & Inspections of City of Phila.*, 123 A.2d 406, 407 (Pa. 1956).

This Court has noted:

Unlike a judgment entered by confession or by default, which remains within the control of the court indefinitely and may be opened or vacated at any time upon proper cause shown, a judgment entered in an adverse proceeding ordinarily cannot be disturbed after [it has become final]. . . .

Although the inability of a court to grant relief from a judgment entered in a contested action after the appeal period has expired is not absolute, **the discretionary power of the court over such judgments is very limited.** Generally, judgments regularly entered on adverse proceedings cannot be opened or vacated after they have become final, **unless there has been fraud or some other circumstance so grave or compelling as to**

- 8 -

> constitute "extraordinary cause"[5] justifying intervention by the court.

***Shelly Enters., Inc. v. Guadagnini***, 20 A.3d 491, 493-94 (Pa. Super. 2011) (citations and some quotation marks omitted) (emphasis in original). A final order may also be opened or vacated for "lack of [subject matter] jurisdiction [or] a fatal defect apparent on the face of the record . . . ." ***Stockton v. Stockton***, 698 A.2d 1334, 1337 (Pa. Super. 1997) (citations omitted).

The fraud necessary to open a final judgment must be "extrinsic." ***Brittain v. Hope Enters. Found. Inc.***, 163 A.3d 1029, 1037 (Pa. Super. 2017), *appeal denied*, 178 A.3d 731 (Pa. 2018). "Extrinsic fraud operates, not upon the matter pertaining to the judgment, but the manner in which it is procured." ***Id.*** (citation and brackets omitted).

Pennsylvania Rule of Civil Procedure 2355 specifies that where "a named party dies after the commencement of an action,[6] the attorney of record for the deceased party shall file a notice of death with the prothonotary. The procedure to substitute the personal representative of the deceased party

_____

[5] Extraordinary cause means "an oversight or action on the part of the court or the judicial process which operates to deny the losing party knowledge of the entry of final judgment so that the commencement of the running of the appeal time is not known to the losing party." ***Mfgs. & Traders Tr. Co. v. Greenville Gastroenterology, SC***, 108 A.3d 913, 919 (Pa. Super. 2015) (citation omitted).

[6] An action for the purposes of Rule 2355 is defined as "any civil action or proceeding brought in or appealed to any court of record which is subject to these rules . . . ." Pa.R.C.P. 2351.

shall be in accordance with Rule 2352." Pa.R.C.P. 2355. This Court has explained:

> [U]nder Rules 2352 and 2355, the filing of a notice of death and the substitution of a personal representative is mandatory. When the deceased party is a plaintiff and such substitution fails to occur within one year of the plaintiff's death, the trial court is required to abate the action unless the delay in appointing a personal representative is "reasonably explained."

*Grimm v. Grimm*, 149 A.3d 77, 84 (Pa. Super. 2016) (citation omitted).

In *Grimm*, the plaintiff commenced a civil action against his grandfather, his grandfather's previous attorney in a competency proceeding, and his grandfather's girlfriend. *Id.* at 81. The trial court sustained the preliminary objections filed by the grandfather's previous attorney and girlfriend and dismissed the claims against them. *Id.*

While the plaintiff's remaining claims against his grandfather were pending, his grandfather passed away. *Id.* A notice of death was not filed, and a personal representative for the grandfather was not substituted as a defendant. *Id.* Nearly two years after the grandfather died, the trial court granted a motion for judgment of *non pros* filed by the grandfather's defense counsel. *Id.* The plaintiff appealed from the entry of the judgment of *non pros*. *Id.*

The *Grimm* Court raised the issue of the lack of a notice of death and substitution of a personal representative for the grandfather *sua sponte*. *Id.* at 84. The Court held that "the death of a party deprives the trial court of subject matter jurisdiction over litigation by or against the deceased until such

time as the deceased's personal representative is substituted in his or her place." *Id.*

Pennsylvania Rule of Appellate Procedure 1701(a) provides that "[e]xcept as otherwise prescribed by these rules, after an appeal is taken . . . the trial court . . . may no longer proceed further in the matter." Pa.R.A.P. 1701(a). As to the death of a party, Rule 502(a) states:

> If a party dies after a notice of appeal or petition for review is filed or while a matter is otherwise pending in an appellate court, the personal representative of the deceased party may be substituted as a party on application filed by the representative or by any party with the prothonotary of the appellate court.

Pa.R.A.P. 502(a).

Here, as the trial court noted, Attorney Riley died after the court entered the October 2014 judgment against Appellant, and after Appellant filed a notice of appeal from that judgment. *See* Trial Ct. Op. at 3. Therefore, Appellant's reliance on *Grimm* is of no avail. *Cf. Grimm*, 149 A.3d at 80-81. Indeed, Appellant presents no argument that the trial court lacked subject matter jurisdiction to enter the October 2014 judgment in favor of defendants, including Attorney Riley, while Attorney Riley was alive.

Furthermore, Appellee was not required to file a notice of death in the trial court after Appellant filed his notice of appeal from the entry of the October 2014 judgment. *See* Pa.R.A.P. 1701(a); Pa.R.C.P. 2352, 2355. Although Attorney Riley died before the trial court's Prothonotary transmitted the appeal to this Court, Appellant could not void a judgment that was decided on the merits while all parties were alive. Indeed, the trial court was no longer

able to conduct further proceedings since the notice of appeal had been filed.

**See** Pa.R.A.P. 1701(a). Although Appellee did not file a suggestion of death in this Court, **see** Pa.R.A.P. 502(a), we discern no basis to conclude that Appellee's failure to do so constituted fraud in the manner in which the judgment was procured. **See Brittain**, 163 A.3d at 1037.

In sum, we agree with the trial court that Appellant failed to demonstrate any basis to open the October 2014 judgment. **See Shelly Enters.**, 20 A.3d at 494. Accordingly, finding no abuse of discretion or error of law, we affirm the trial court's ruling.[7] **See Lened Homes**, 123 A.2d at 407.

Order affirmed.

---

[7] Appellee asserts that this Court should award attorney fees related to this appeal because "Appellant is fully aware that he had no legal basis to use this [a]ppeal to raise the issues of the denial of the [m]otion for [s]anctions." Additionally, "[w]ith respect to the denial of Appellant's [p]etition to [o]pen [j]udgment, Appellant failed to set forth any legal basis for his claims." Appellee's Brief at 11.

Under Pa.R.A.P. 2744, an appellate court may award reasonable attorney fees "if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." Pa.R.A.P. 2744. "In determining the propriety of such an award, we are ever guided by the principle that an appeal is not frivolous simply because it lacks merit; rather, it must be found that the appeal has no basis in law or fact." **Wallace v. State Farm Mut. Auto. Ins. Co.**, 199 A.3d 1249, 1257 n.12 (Pa. Super. 2018) (citation, quotation marks, and brackets omitted).

Instantly, while we are without jurisdiction to consider the appeal of the motion denying sanctions, the appeal regarding the denial of the motion to open had a basis in the fact that counsel had not filed a suggestion of death. Accordingly, we decline to grant attorney fees based upon Rule 2744.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/24/2019</u>