J-S40001-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF JEFFREY FELDMAN | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: LISA FELDMAN | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 465 EDA 2024 |

Appeal from the Order Entered December 18, 2023
In the Court of Common Pleas of Philadelphia County
Orphans' Court at No: 1424DE of 2023

BEFORE: STABILE, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY STABILE, J.: **FILED MARCH 31, 2025**

Lisa Feldman (Appellant) seeks review of an order of the Court of Common Pleas of Philadelphia County's Orphans' Court (orphans' court) granting a petition to allow the Estate of Jeffrey Feldman (the Estate) to decide how the remains of Jeffrey Feldman (the decedent) are to be disposed of. Appellant now argues that the orphans' court erred in determining it had jurisdiction to grant the petition, and in ruling that the decedent's most recent principal place of residence was located in Philadelphia County. We affirm.

The decedent executed his last will and testament (the will) on October 21, 2022. The will stated that the decedent was not married at the time of its execution. The decedent named his daughter, Cherish Cullers, as the sole executor of the will, giving her exclusive authority over the management of his estate upon his death. Cullers also was the sole beneficiary in the will.

Of particular relevance here, the will directed that Cullers would be the only person authorized to dispose of his remains. Cullers was given two specific options – leaving his ashes in the family plot or burying the remains at the location in West Virginia where the decedent's parents had been laid to rest. The decedent also permitted Cullers to dispose of his remains in whatever manner she thought best.

On October 28, 2023, the decedent passed away while being treated at Riddle Hospital, located in Media, Pennsylvania (Delaware County). Cullers began making funeral arrangements, but Appellant challenged her authority to take custody of the decedent's remains. Although Cullers and Appellant apparently both agree as to the location of the decedent's final resting place (the family plot), Appellant insisted that it was her right, as the decedent's spouse, to make all decisions regarding his burial.

In an abundance of caution, Riddle Hospital refused to turn over the decedent's remains to either party until one of them could supply a court order giving them authorization to receive them. Cullers, acting on behalf of the Estate, then petitioned the orphans' court to resolve the dispute on October 31, 2023.

Appellant filed an answer and new matter, averring that she had authority to receive the remains as the decedent's next of kin, having been happily married to the decedent since 1988. Appellant also denied that Cullers was the decedent's daughter because she was not his biological child.

According to Appellant, the decedent's only daughter was his biological child, Alyssa Feldman, who was a co-respondent to Cullers' petition.[1] Appellant denied that the document supplied by Cullers was the last will and testament of the decedent. She also contended that the trial court lacked jurisdiction because the decedent had not been domiciled in Pennsylvania, and no probate proceedings had been commenced.

The orphans' court held a hearing on Cullers' petition on December 15, 2023. At the hearing, the orphans' court heard the testimony of several witnesses and considered documentary evidence of the decedent's relationships with the parties, as well as the places where he had resided in the years leading up to his death. Appellant made an oral motion to dismiss Culler's petition on venue and jurisdictional grounds. *See* N.T. Evidentiary Hearing, 12/15/2023, at 5.

The orphans' court determined, after hearing evidence and considering the arguments of the parties, that it had authority to rule on Cullers' petition, and that the evidence showed the decedent was, at the time of his death, domiciled in Philadelphia County. The orphans' court issued a decree

---

[1] Alyssa Feldman is not a party to the present appeal. Alyssa Feldman and Appellant claimed that Cullers was not legally the decedent's child because she had been adopted by Cullers' grandparents. *See* Appellant's Answer, New Matter, and Counter-Claim, 11/21/2023, at para 19. Cullers disputed that assertion, averring that she was the decedent's biological child and that she had never been adopted by her grandparents. *See* Answer to New Matter, 12/5/2023, at paras. 17-19.

- 3 -

authorizing Cullers to determine the final disposition of his remains, as directed by the terms of the decedent's will.

Appellant timely sought review by this Court, asserting two issues in her brief:

> 1. Whether the [orphans'] court erred as a matter of law in finding it had jurisdiction to decide the validity of a testamentary matter pursuant to a will which had not been submitted to probate[.]
>
> 2. Whether the [orphans'] court erred as a matter of law in holding that [the Estate] met [its] burden of proving by clear and satisfactory proof that Decedent had fixed his last principal residence in Philadelphia [County].

Appellant's Brief, at 5 (suggested answers omitted).

Appellant's first claim is that the trial court lacked authority to rule on Appellee's petition to determine the disposition of the decedent's remains. Issues involving a court's subject matter jurisdiction are resolved as a pure matter of law, subject to a *de novo* standard of review. **See Copestakes v. Reichard-Copestakes**, 925 A.2d 874, 875 (Pa. Super. 2007).

We find that Appellant's jurisdictional claim has no merit because the orphans' court had statutory authority to rule on Cullers' petition. Under section 711(1) of the Probate, Estates, and Fiduciary Code, "[t]he administration and distribution of the real and personal property of decedents' estates and the control of the decedent's burial" shall be exercised through its orphans' court division of the trial court." 20 Pa.C.S.A. § 711(1).

Appellant argues, nevertheless, that the orphans' court could not exercise jurisdiction to address the petition filed by Cullers because it required

- 4 -

the orphans' court to enforce the terms of the decedent's will before probate proceedings had begun. **See** Appellant's Brief, at 9-10. However, section 711(1) confers on the orphans' court division, in general, the mandatory exercise of jurisdiction to resolve issues pertaining to the "control of the decedent's burial." 20 Pa.C.S.A. § 711(1). The statute does not condition the orphans' court authority to resolve such issues on the commencement of the probate process. **See id**.[2]

Further, under 20 Pa.C.S.A. § 305(a), the orphans' court has authority to make a "determination of the final disposition of a decedent's remains[.]" This section sets forth in subsection 305(d) the applicable procedures, including the steps that must be taken in order to resolve a dispute as to how the decedent's remains are to be disposed of:

> **(d) Procedure.--*Where a petition alleging enduring estrangement, incompetence, contrary intent or waiver and agreement is made within 48 hours of the death or discovery of the body of the decedent, whichever is later, a court may order that no final disposition of the decedent's remains take place until a final determination is made on the petition*.** Notice to each person with equal or higher precedence than the petitioner to the right to dispose of the decedent's remains and to his attorney if known and to the funeral home or other institution where the body is being held must be provided concurrently with the filing of the petition. A suitable bond may be required by the court.

---

[2] The following section, 20 Pa.C.S.A. § 712(3) confers on orphans' courts the exercise of nonmandatory jurisdiction to dispose of "any case where there are substantial questions concerning matters enumerated in section 711 and also matters not enumerated in that section."

(1) If the court determines that clear and convincing evidence establishes enduring estrangement, incompetence, contrary intent or waiver and agreement, the court shall enter an appropriate order regarding the final disposition which may include appointing an attorney in fact to arrange the final disposition, with reasonable costs chargeable to the estate.

(2) If two persons with equal standing as next of kin disagree on disposition of the decedent's remains, the authority to dispose shall be determined by the court, with preference given to the person who had the closest relationship with the deceased. If more than two persons with equal standing as next of kin disagree on disposition of the decedent's remains, the authority to dispose shall be determined by the majority. Where two or more persons with equal standing cannot reach a majority decision, the court shall make a final determination on disposition of the decedent's remains.

20 Pa.C.S.A. § 305(d) (emphasis added).

In the present case, the decedent's daughter, Cullers, filed a petition which comported with section 305(d)(1). Cullers asserted in the petition that the decedent was a resident of Philadelphia, and that he had identified Cullers in his will as the sole executor and beneficiary, charged with the duty of carrying out his funeral arrangements. As to the standing of Appellant, Cullers asserted that Appellant and the decedent had been separated for over 30 years, and the decedent had no longer considered them to be married at the time of his death.

Cullers also invoked subsection 305(b)(1), which provides that a surviving spouse of a decedent has no right to take possession and dispose of the decedent's remains in the event of an "enduring estrangement." 20 Pa.C.S.A. § 305(b). This term is defined in the statute as a "physical and

emotional separation from the deceased at the time of death . . . which has existed for a period of time that clearly demonstrates an absence of due affection, trust and regard for the deceased." 20 Pa.C.S.A. § 305(e).

As discussed above, the orphans' court held a hearing at which the parties presented evidence bearing on the issue of Appellant's enduring estrangement from the decedent, as well as the location of his final place of residence, or domicile. *See* N.T. Evidentiary Hearing, 12/15/2023, at 13-119. After considering that evidence, the orphans' court determined that it was proven by clear and convincing evidence that Appellant and the decedent had gone through an enduring estrangement at the time of his death, and that the decedent's final place of residence, or domicile, was in Philadelphia County. *See* Trial Court 1925(a) Opinion, 4/24/2024, at 8-10, 15-16.

The orphans' court found further that Cullers had the right to take custody of the decedent's remains and make his funeral arrangements, as the decedent's will directed. *See id*., at 16-17. All of the orphans' court's rulings were authorized by the provisions of the Probate, Estates, and Fiduciary Code discussed above. Thus, we find that the orphans' court's findings are supported by the record, and we agree with the orphans' court that Appellant's jurisdictional claim has no merit.[3]

_____

[3] Cullers explained that she could not probate the will until the decedent could be issued a death certificate, and that a death certificate could not be issued until the decedent was given a funeral. *See* N.T. Evidentiary Hearing, 12/15/2023, at 56. It does not appear from our reading of the pertinent
*(Footnote Continued Next Page)*

Appellant's second claim on appeal is related to the first. She disputes the orphans' court's ruling that the decedent was domiciled in Philadelphia County. Specifically, Appellant argues that venue was not proper there because the decedent had been housed in a hospital outside of Philadelphia for the final seven months of his life, and prior to that, he had resided in a leased residence in Philadelphia, having had the intent to remain a resident of New Jersey, where he had maintained lifelong ties. *See* Appellant's Brief, at 10-11.

The Probate, Estates, and Fiduciary Code provides, in relevant part, that the venue of a decedent's estate lies in the county "where the decedent had his last family or principal residence[.]" 20 Pa.C.S.A. § 721(1). A "residence" in this context has the same meaning as a "domicile." *Obici Estate*, 571, 97 A. 2d 49 (Pa. 1953). A person's domicile is where an individual has voluntarily fixed his place of habitation, having had a present intention to make it either a "permanent home or [a] home for the indefinite future." *In Re: Loudenslager's Estate*, 240 A. 2d 477, 479 (Pa. Super. 1968). "To effect a change of domicile there must be a concurrence of the following factors: (1) physical presence in the place where domicile is alleged to have been acquired,

_____

statutes, *see* 35 P.S. § 450.501, that a funeral is a prerequisite for a death certificate. But regardless of whether the parties in this case could have obtained one, we find that the orphans' court could resolve the parties' dispute over who has the legal right to make the decedent's funeral arrangements. *See* 20 Pa.C.S.A. § 305(b), 305(d).

- 8 -

and (2) an intention to make it his home without any fixed or certain purpose to return to his former place of abode." ***Id***.

The issue of venue is subject to an abuse of discretion standard of review. ***See Brandolini Prop. Mgmt., Inc.***, 909 A.2d 1272, 1283-84 (Pa. 2006). "An abuse of discretion is not merely an error of judgment, but occurs only where the law is override or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence of the record." ***Id***., at 1284.

Here, the orphans' court found that the decedent had fixed his domicile, or principal place of habitation, in Philadelphia County at the time of his death, and that Philadelphia County was the location of his last permanent residence. It was undisputed at the evidentiary hearing that the decedent had resided in a trailer situated in New Jersey until October 8, 2022. On that date, the decedent sold his trailer.

About two weeks later, on October 21, 2022, the decedent began leasing a property in Philadelphia, near Cullers' home, where he would often sleep. ***See*** N.T. Evidentiary Hearing, 12/15/2023, at 39-43. The decedent would then frequently receive mail from the Department of Veterans Affairs at Cullers' home. ***See id***., at 42. Cullers testified to the fact that she had been his closest remaining relative in the final years of his life. ***See id***., at 55-56.

On March 13, 2023, the decedent was seriously injured in an automobile accident. From that point, until his death seven months later, the decedent resided in either a hospital or a rehabilitation center in Delaware County,

Pennsylvania, where his remains have been held pending the resolution of this case. Appellant introduced evidence that decedent periodically visited friends and family in New Jersey even after he had sold his trailer. There was also evidence that the decedent continued receiving mail sent to an address in New Jersey after his move to Philadelphia.

However, such facts are not determinative as to the issue of where the decedent resided and established a fixed, permanent residence. Again, the evidence showed that Appellant sold his trailer in New Jersey and then signed a property lease in Philadelphia two weeks later, in October 2022. Cullers testified that from that point on (until his auto accident), the decedent either resided in his leased property or in her own home.

These facts were sufficient to establish that, as of October 2022, the decedent had voluntarily fixed his place of habitation in Philadelphia County, with a present intention to make that place his permanent home, or his home for the indefinite future. There is no evidence that the decedent's intentions in that regard changed after his automobile accident. Thus, the orphans' court did not abuse its discretion in finding venue to be proper in in Philadelphia County, Appellant's claims have no merit, and the order on review must stand.

Order affirmed.

- 10 -

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/31/2025