J-S12029-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FRANCISCO JAVIER LEMUS | : | |
| | : | |
| Appellant | : | No. 2460 EDA 2024 |

Appeal from the PCRA Order Entered August 16, 2024
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0002052-2014

BEFORE:  STABILE, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED JULY 23, 2025**

Francisco Javier Lemus appeals from the order dismissing his Post Conviction Relief Act ("PCRA") petition as untimely. **See** 42 Pa.C.S.A. §§ 9541-9546. He challenges the court's conclusion that he failed to prove the "unknown fact" time-bar exception. We remand for a determination of whether Lemus's Pa.R.A.P. 1925(b) statement was timely.

In 2016, a jury found Lemus guilty of multiple offenses, including possession with intent to deliver, criminal use of a communication facility, and criminal solicitation. The court imposed an aggregate sentence of 40 to 80 years' incarceration. We affirmed the judgment of sentence. **See Commonwealth v. Lemus**, No. 2720 EDA 2016, 2018 WL 505966 (Pa.Super. filed Jan. 13, 2018) (unpublished mem.). Our Supreme Court denied Lemus's petition for allowance of appeal on July 25, 2018. **See Commonwealth v. Lemus**, 189 A.3d 991 (Table) (Pa. filed July 25, 2018).

Lemus filed the instant, *pro se* PCRA petition, his second, in June 2023. PCRA Petition, filed 6/22/23. He raised claims of ineffective assistance of counsel, obstruction by government officials, violation of federal and state constitutions, the unavailability of exculpatory evidence, and the imposition of an unlawful sentence. **See id.** at 2. Lemus asserted all three time-bar exceptions: governmental interference, unknown facts, and a newly recognized constitutional right that applies retroactively. **See id.** at 3.

The court issued notice of its intent to dismiss the petition without a hearing, finding Lemus's claims "waived, untimely filed, or hav[ing] no merit." Order, filed 4/26/24, at 1 n.1. Lemus responded to the notice, and the court dismissed the petition. Order, 8/16/24. Lemus filed a timely notice of appeal[1] and the court ordered Lemus to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b), within 21 days. Order of Court, filed 9/24/24. The court filed a Rule 1925(a) opinion, finding all appellate issues waived because Lemus did not file a Rule 1925(b) statement. **See** Pa.R.A.P. 1925(a) Opinion, filed 11/1/24.

---

[1] The Commonwealth argues that Lemus's appeal should be dismissed as untimely. We disagree. Under the prisoner mailbox rule, Lemus's notice of appeal was timely. **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (prisoner mailbox rule deems notice of appeal filed "on the date that the appellant deposits the appeal with the prison authorities and/or places it in the prison mailbox"). Because the 30th day after the entry of the dismissal order was a Sunday, Lemus had until Monday, September 16, 2024, to file a timely notice of appeal. **See** 1 Pa.C.S.A. § 1908; Pa.R.A.P. 903(a). The notice of appeal was not docketed until September 19, 2024. However, the envelope bears a postmark of September 11, 2024, five days before the deadline. Therefore, the record clearly shows that the appeal was timely.

Lemus subsequently submitted a letter to the court stating that he had filed his Rule 1925(b) statement "on time before its deadline, [h]owever I never rec[e]ived my proof of service receipt back from the mailroom in the state correctional institutional where I reside." Lemus's Letter, filed 11/15/24. Lemus explained that after getting his "monthly statement" on November 1, he "noticed that there had not been any deduction of money for any certified mail postage sent to this court." *Id.* Lemus attached to the letter a copy of his Rule 1925(b) statement, which included a certificate of service dated October 13, 2024. He asserted that under the prisoner mailbox rule, his 1925(b) statement should be deemed filed on October 13, 2024, the date he placed it in the prison mailroom. *See* Pa.R.A.P. 1925(b) statement, dated 10/13/24.

"Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing." ***Commonwealth v. Crawford***, 17 A.3d 1279, 1281 (Pa.Super. 2011); ***see Copestakes v. Reichard-Copestakes***, 925 A.2d 874, 875 n.2 (Pa.Super. 2007) (applying prisoner mailbox rule to filing of Pa.R.A.P. 1925(b) statement); Pa.R.A.P. 121(f) ("A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing"). The date may be verified "by a properly executed prisoner cash slip or other reasonably verifiable evidence." Pa.R.A.P. 121(f); ***see Jones***, 700 A.2d at 426. Reasonably verifiable evidence includes certificates of mailing, cash slips, affidavits, and prison operating procedures.

*See Jones*, 700 A.2d at 426. The *pro se* prisoner bears the burden of establishing verifiable evidence. *Id.*

Here, the only record evidence of the filing date for Lemus's Rule 1925(b) statement is his assertion in the November 2024 letter and accompanying attachments that he timely submitted his Rule 1925(b) statement to prison authorities but never received a "proof of service receipt." Because Lemus made this assertion after the trial court had authored its opinion, the trial court did not make the necessary factual determinations, and we are unable to verify from the existing record the date on which Lemus gave his Rule 1925(b) statement to prison authorities.

We therefore remand this case to the trial court for it to conduct such proceedings as needed for it to determine the timeliness of Lemus's Rule 1925(b) statement. *See* Pa.R.A.P. 1925(c)(1) (this Court may remand for a determination of the filing status or timeliness of a Rule 1925(b) statement); *Cruz v. Morales*, No. 583 WDA 2022, 2023 WL 371665, at *2 (Pa.Super. filed Jan. 24, 2023) (unpublished mem.) (remanding pursuant to Rule 1925(c)(1) where appellant asserted he mailed 1925(b) statement within time limit but it was postmarked and received after deadline). The trial court shall conduct such proceedings and make its determination within 60 days of the entry of this memorandum.

Case remanded. Jurisdiction retained.